USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit
 ____________________
 
No. 99-1513

 ANDRES SERRANO-MORAN, ET AL.,

 Plaintiffs, Appellants,

 v.

 DR. JOSE GRAU-GAZTAMBIDE, ET AL.,
 
 Defendants, Appellees.
 
 ______________________
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT
 
 FOR THE DISTRICT OF PUERTO RICO
 
 [Hon. Salvador E. Casellas, U.S. District Judge]
 ______________________
 
 Before
 
 Lynch, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and O'Toole, District Judge.
 ______________________
 
 Antonio M. Bird, Jr. and Bird Bird & Hestres on brief for
appellants.
 Juan M. Masini-Soler and Law Offices of Jose A. Masini-
Soler, Miguel F. Laffite and Dubon & Dubon, and Jose Enrique
Otero and Otero & Lopez on brief for appellees.

 ______________________
 
 November 15, 1999
 ______________________
 
 LYNCH, Circuit Judge. Plaintiffs are the parents of
Rufino Serrano-Rosado, who, it is alleged, was a mentally impaired
individual who was kidnapped and beaten by four police officers on
March 30, hospitalized on March 31, and then died on April 10,
1995. Plaintiffs say his death was a result of the beatings and of
the malpractice of the hospital (and doctors) where he was brought
for treatment. Plaintiffs brought suit in federal court against
the police under 42 U.S.C. 1983 and, asserting supplemental
jurisdiction under 28 U.S.C. 1367, against the medical defendants
under state law theories. The medical defendants moved to dismiss
under Fed. R. Civ. P. 12(b)(1), arguing that the claims against
them did not arise from a common nucleus of operative facts so that
supplemental jurisdiction was not available under 1367(a), and
that, even if it were, the court in its discretion should decline
to exercise jurisdiction under 1367(c).
 The district court found that the claims against the
medical defendants did not share a common nucleus of operative
facts with the claims against the police because the facts relevant
to the civil rights claim were entirely separate from the facts
relevant to the malpractice claim, and because there was a temporal
break between the two sets of facts. The case against the medical
defendants was dismissed for lack of subject matter jurisdiction,
without prejudice to refiling in the Commonwealth court. The
district court ordered the entry of a separate judgment under Fed.
R. Civ. P. 54(b). 
 On appeal plaintiffs say the dismissal of the claims
against the medical defendants was error. Their primary argument
is that each of the sets of defendants will point to the other as
the cause of death and that this creates a common nucleus of
operative facts, or, in any event, that the claims are sufficiently
related such that trying the case to one jury is the most economic
use of judicial resources. This point suggests that there may
possibly be related evidence as to damages, but plaintiffs do not
explain why this is necessarily so, and even the existence of such
a possibility, it strikes us, may vary with the facts. A secondary
argument is that the district court committed an error of law by
putting too much emphasis on the lack of temporal proximity. Of
course, if plaintiffs are left to try their claim in the courts of
the Commonwealth of Puerto Rico, they will have no jury trial, but
only a bench trial.
 The parties agree that review of the decision is for
abuse of discretion. See Vera-Lozano v. International Broad., 50
F.3d 67, 70 (1st Cir. 1995). These decisions turn on essentially
fact-based assessments. The district court plainly did not abuse
its discretion here. The facts and witnesses as to the two sets of
claims are essentially different, not common, as the district court
found. That there may be finger-pointing defenses at the damages
stage does not change this assessment, nor does the assessment
change whether the temporal proximity is little or great. Whether
or not the police violated Serrano-Rosado's civil rights has
nothing to do with whether the hospital and doctors conformed to
the requisite standard of care; damages is a separate issue.
 Affirmed. Costs to appellees.